**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                              :
STEVEN GEIGER,                :
                              :    Civil Action No. 11-5888 (JEI)
              Plaintiff,      :
                              :
     v.                       :    **OPINION**
                              :
KAREN BALICKI, et al.,        :
                              :
              Defendants.     :
_____:

**APPEARANCES:**

**STEVEN GEIGER**, Plaintiff Pro Se
#248317/128254B
South Woods State Prison
215 Burlington Road South
Bridgeton, NJ 08302

**IRENAS,** District Judge

Plaintiff Steven Geiger ("Plaintiff") seeks to bring this civil action pursuant to 42 U.S.C. § 1983. He has paid the $350 filing fee.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. For the reasons

1

set forth below, the Court concludes that the complaint should be dismissed without prejudice at this time.

## I. BACKGROUND

Plaintiff, incarcerated at South Woods State Prison in Bridgeton, New Jersey at the time of filing, brings this civil rights action, pursuant to 42 U.S.C. § 1983 against Defendants Karen Balicki and Gary Lanigan. The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only. The Court has made no findings as to the veracity of Plaintiff's allegations.

On October 14, 2010, Plaintiff filed a federal habeas petition. See Geiger v. Balicki, No. 10-5458 (JEI). In his petition, Plaintiff raised two claims: (1) the retroactive cancellation of his work and minimum credits, or cash award for the same after the credits were entered on his official classification records, violates the constitutions of New Jersey and the United States; and (2) appellate counsel "rendered ineffective assistance in failing to raise improper direct examination of the investigating detective and improper comments on defendant's post-arrest silence and the courts failure to charge and/or improper chrage [sic] to the jury."

In an opinion and order, this Court dismissed the second ground as second or successive because Plaintiff had previous

filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 and failed to get permission from the Court of Appeals to file a second petition. Geiger v. Balicki, 2011 WL 4860026, at * 7 (D.N.J. October 11, 2011). This Court dismissed the first ground for relief because failure to award cash in exchange for his work credits does not challenge the "fact or duration" of Plaintiff's confinement and as such, the Court lacked jurisdiction in habeas to hear the challenge. (Id. at 5.) The Court opened the instant action to permit Plaintiff to raise his challenge to the work credits. (Id.)

On November 7, 2011, Plaintiff filed an amended complaint, alleging that pursuant to N.J.S.A. 30:4-92, since he is not eligible for a sentence reduction below his 30 year mandatory minimum, he should be receiving cash for his credits. (Docket Entry No. 4.) He alleges that the failure of the Defendants to award him cash in lieu of sentence reduction violates his right to equal protection and due process.

Plaintiff seeks a declaration that Defendants must create a policy to implement N.J.S.A. 30:4-92 to ensure that inmates such as Plaintiff receive cash in lieu of credits; monetary damages; and attorneys' fees.

**II.  DISCUSSION**

**A. Legal Standard**

**1. Standards for a Sua Sponte Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A.  This action is subject to sua sponte screening for dismissal under 28 U.S.C. § 1915A because Plaintiff is a prisoner.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976)); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court

examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009)(citing Iqbal, 129 S.Ct. at 1948).

The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. See Iqbal, 129 S.Ct. at 1949-50. See also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." Fowler, 578

5

F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)).

## 2. Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

## B. Analysis

The court in Johnson v. New Jersey Dept. of Corrections, 2006 WL 1644807 (D.N.J. June 02, 2006), dealt with facts very

6

similar to those in the instant case. In that case, the plaintiff had been sentenced under New Jersey state law pursuant to the "No Early Release Act", N.J.S.A. 2C:43-7.2. (Id.) The plaintiff argued that he understood that he was entitled to work credits, but that because he was subject to NERA, the credits could not be applied to reduce his sentence. (Id.) However, he argued that he was entitled to monetary compensation for the credits. (Id.)

> The court found that
>
> "[C]ommutation and work credits shall not in any way reduce any judicial or statutory mandatory minimum term and such credits accrued shall only be awarded *subsequent to the expiration of the term*." N.J.S.A. 30:4-123.51(a) (emphasis added). The work credits will be awarded at the expiration of his mandatory minimum term. At that time he may be entitled to payment for work he performs for which he does not receive the benefit of remission of his sentence. N.J.S.A. 30:4-92.

(Id.) (citing Salvador v. Dep't of Corrections, 378 N.J.Super. 467, 470 (App.Div. 2005)). Since the plaintiff had not alleged that his mandatory minimum term had ended, as well as the fact that plaintiff named only defendants immune from suit, the court dismissed the complaint without prejudice. (Id.) In the instant case, Plaintiff has also failed to allege that his

mandatory minimum term has ended[1] and therefore, pursuant to the statute, Plaintiff would not yet potentially be entitled to payment for any work credits which do not serve to reduce his sentence. As such, the complaint will be dismissed without prejudice in its entirety.

**III. CONCLUSION**

For the reasons stated above, the complaint is dismissed without prejudice in its entirety. An appropriate Order follows.

Dated: 4/17/12

        /s/ Joseph E. Irenas
        JOSEPH E. IRENAS
        United States District Judge

---

[1] In fact, it appears that Plaintiff's mandatory minimum term of 30 years could not have yet expired, since he was sentenced in 1992. Geiger v. Balicki, 2011 WL 4860026, at * 2.